## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PAULA BALDWIN,                                    )
AS ADMINISTRATOR OF THE                          )
ESTATE OF GEORGE BALDWIN SR.,                     )
AND PAULA BALDWIN,                               )
INDIVIDUALLY                                     )
                                                 )
          Plaintiff,                             )
                                                 )
     v.                                          )     Civil Action No. 13-1986-SLR-SRF
                                                 )
ACE HARDWARE CORP., et al.,                      )
                                                 )
          Defendants.                            )

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Presently before the court in this diversity personal injury action is a Motion to Remand to

State Court ("Motion to Remand" or "Motion") filed individually by Paula Baldwin ("Plaintiff")

and on behalf of decedent George Baldwin Sr. ("Mr. Baldwin"), on the grounds that the notice of

removal filed by Defendant Crane Company ("Crane") was untimely in light of the requirements

of 28 U.S.C. § 1446(b). (D.I. 34) For the reasons that follow, I recommend that the Motion to

Remand be GRANTED.

### II.  BACKGROUND

Plaintiff filed this asbestos personal injury action in the Superior Court of Delaware on July

5, 2013. (D.I. 1, Ex. 1) In the Complaint, Plaintiff asserts state law causes of action based on Mr.

Baldwin's alleged exposure to asbestos while working in different settings between 1957 and

1997. (*Id.*, Ex. 1 ¶ 47) The Complaint provides, in relevant part:

1

a) Plaintiff GEORGE W BALDWIN SR. experienced occupational and bystander exposure to asbestos while he worked as a Maintenance Worker for the U.S. Navy in Long Beach, California from 1957 to 1960[] . . . . Plaintiff GEORGE W BALDWIN SR. was exposed to asbestos containing products and equipment including, but not limited to, . . . HVAC equipment, electrical equipment, insulation, pumps, compressors, valves, siding, shingles, felts, roofing, gaskets, packing, pipe, and tiles manufactured by Defendant . . . CRANE CO.[ ] . . . .

(*Id.*) Crane was served with the Complaint on October 25, 2013. (D.I. 35, Ex. B)

On November 27, 2013, Crane filed its notice of removal in this court, contending that the state court action was removable under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, based on the allegations of the Complaint. (D.I. 1 at 1, 2) In the notice of removal, Crane asserted that it was served with the Complaint on October 28, 2013 and, therefore, removal was timely under 28 U.S.C. § 1446(b). (D.I. 1 at 1)

On December 27, 2013, Plaintiff filed the pending Motion to Remand, asserting that Crane's notice of removal was untimely filed. (D.I. 34)

## III. LEGAL STANDARDS

The federal officer removal statute permits removal of a state court action to federal court when, *inter alia*, such action is brought against "[t]he United States or an agency thereof of any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office." 28 U.S.C. § 1442(a)(1).

In order to remove pursuant to Section 1442(a)(1), a defendant must establish the following:

(1) it is a "person" within meaning of the statute;
(2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office;
(3) it raises a colorable federal defense; and
(4) there is a causal nexus between the claims and the conduct performed under color of a federal office.

*Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998) (citing *Mesa v.*

2

*California*, 489 U.S. 121, 129 (1989)). *See also Kirks v. Gen. Elec. Co.*, 654 F. Supp. 2d 220, 223 (D. Del. 2009). Unlike the general removal statute, 28 U.S.C. § 1441, which courts must construe strictly in favor of remand, the federal officer removal statute is to be "broadly construed," in order to effectuate Congress' intent that federal officers have access to a federal forum in which they can litigate the validity of their defense of official immunity. *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 770 F. Supp. 2d 736, 741 (E.D. Pa. 2011). Despite this broad construction, it is well-settled that the party removing an action to federal court bears the burden of proving that removal is appropriate. *Kirks*, 654 F. Supp. 2d at 222 (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

While Section 1442 governs the substantive requirements for federal officer removal, the timeliness of removal is dictated by Section 1446. Section 1446(b) provides: "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b)(1). If the basis for removal is not set forth in the initial pleading, however, a defendant must remove within thirty days after receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[1] 28 U.S.C. § 1446(b)(3). As with jurisdiction, the defendant bears the burden of showing the timeliness of removal. *See Mims*

---

[1] The thirty-day removal limitation is meant to

> "deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court."

*Mims v. 84 Lumber Co.*, 2013 WL 4775306, at *2 n.2 (D. Del. Sept. 6, 2013) (quoting *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 631 (7th Cir. 2007)).

*v. Foster Wheeler Energy Corp.*, 2013 WL 6571816, at *1 (D. Del. Dec. 12, 2013) (citing *Scearce v. 3M Co.*, 2013 WL 2156060, at *3 (D.N.J. May 16, 2013)).

## IV.   DISCUSSION

Plaintiff contends that Crane's notice of removal was untimely because it was filed beyond the thirty-day period prescribed in Section 1446(b). (D.I. 35 at 3) According to Plaintiff, Crane was served with the Complaint on October 25, 2013. (*Id.* at 2) In support, Plaintiff has submitted a copy of the return of service for Crane, which reflects an October 25, 2013 date of service, and a sworn declaration from the process server who served the Complaint, attesting to the October 25, 2013 date of service. (*Id.*, Exs. B, C) Thus, Plaintiff argues that Crane's removal of this action on November 27, 2013 was improper because "its time to remove expired . . . on November 25, 2013." (*Id.* at 4)

Crane concedes that its notice of removal was not filed within thirty days of the date on which Plaintiff served the Complaint. (D.I. 39 at 2) In its response to Plaintiff's Motion, Crane explains that at the time it removed this action, it believed that it had been served with the Complaint on October 28, 2013.[2] (*Id.* at 1)

3.      Crane Co. formed this belief because its registered agent for acceptance of service of process—CT Corporation—represented to Crane Co. that the complaint was served on Crane Co. on October 28, 2013.
4.      However, CT Corporation has since informed Crane Co. that due to an administrative error, it provided Crane Co. with the wrong date of service, and that the complaint was actually served prior to October 28, 2013.

(*Id.* at 1-2; *see also id.*, Ex. 1; D.I. 1, Ex. 1)

---

[2] Although Crane does not expressly oppose Plaintiff's Motion to Remand, it claims that "[t]here is a strong presumption in favor of removals under the federal officer statute, which extends to the timeliness of the removals." (D.I. 39 at 2 (citation omitted)) It should be noted that Crane's assertion is erroneous to the extent it suggests that the "presumption in favor of removal" would excuse an otherwise untimely notice of removal from the statutory, thirty-day filing requirement. *See* 28 U.S.C. § 1446(b)(1) (explaining that the notice of removal "*shall* be filed within 30 days" (emphasis added)).

4

Section 1446(b) provides, in relevant part, that "[t]he notice of removal of a civil action . . . *shall be filed within 30 days* after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (emphasis added). The record in this case reflects that Crane filed its notice of removal thirty-four days after it was served with the Complaint.[3] Consequently, Crane's removal of this action was untimely, and the case should be remanded.

## V.   CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's Motion to Remand be granted.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: February **2** , 2014

Sherry R. Fallon
United States Magistrate Judge

---

[3] The Complaint is the document from which Crane asserts it first ascertained that the action was removable. (D.I. 1 at 2)